Filed 11/18/21  P. v. Pestoni CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH PESTONI,<br><br>    Defendant and Appellant. | C093092<br><br>(Super. Ct. No. P19CRF0352) |

A jury found defendant Joseph Pestoni guilty of assault with a deadly weapon and leaving the scene of an accident.  Defendant admitted he had previously been convicted of robbery in 1995, which qualified as a strike under the three strikes law.  After denying his *Romero*[1] motion to strike that prior conviction, the trial court sentenced him to an aggregate term of six years in prison.

On appeal, defendant argues the trial court abused its discretion in denying his *Romero* motion and that he is entitled to relief in light of the passage of Assembly Bill No. 1869 (2019-2020 Reg. Sess.), which was enacted to "eliminate the range of

---

[1]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and . . . all outstanding debt incurred as a result of the imposition of administrative fees." (Stats. 2020, ch. 92, § 2.) We concur that defendant is entitled to the ameliorative benefits of Assembly Bill No. 1869 and will modify the judgment accordingly. We otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

At trial, the People presented evidence that defendant and the victim C. S. were traveling on Missouri Flat Road in El Dorado County. On three separate occasions, defendant maneuvered his truck so as to prevent C. S.'s attempts to pass him on his motorcycle by splitting lanes. Once defendant stopped at a red light, C. S. drove next to the window of defendant's truck, yelling at him that he could have killed him. Defendant replied, "I should have" or "I would have killed you." In response, C. S. smacked defendant's mirror, telling him to use it next time. Defendant then turned his wheel and accelerated, running over C. S.'s left foot and crushing the front of C. S.'s motorcycle. Defendant then fled.

The collision and flight were witnessed by several individuals, two who followed defendant into a shopping center. One of these witnesses confronted defendant, and defendant said he ran because he thought C. S. had a gun. Defendant reluctantly stayed at the shopping center until police arrived. This witness did not see anything in C. S.'s hands.

Defendant testified in his defense, admitting that he saw C. S. passing cars by splitting lanes and blocked C. S. from passing him on two separate occasions, stating he thought C. S. was driving dangerously. At the red light, the two exchanged words and then C. S. smacked his passenger side mirror three or four times. C. S. then released the throttle, and defendant became concerned that C. S. might have a gun, so he veered to the right and fled. Defendant initially denied intentionally veering, but later admitted he had veered intentionally to "to get him off me." Defendant knew almost immediately that he

2

had hit him, but kept driving. Defendant did not recall crossing lanes to block C. S. and admitted he never saw a gun, nor did he hear C. S. say anything about a gun.

In rebuttal, the People presented the testimony of Officer Kevin Bliss who contacted defendant at the shopping center following the incident. Defendant denied responsibility and failed to mention that C. S. may have been armed.

Defendant then filed a *Romero* motion to strike the prior strike, arguing the victim C. S. was not blameless in the pending action and the prior strike conviction was 24 years old and involved a smash and grab of gold nuggets at a bank following the death of defendant's father and a close friend. Defendant's only conviction involving violence was a misdemeanor that predated the strike conviction. Defendant had worked hard following the strike conviction to regain his contractor's license, start a business, and live a life of good character, despite having suffered a few DUI convictions. Accordingly, defendant argued he fell outside of the spirit of the three strikes law. The People opposed this motion.

At defendant's sentencing hearing, the trial court exercised its discretion to deny the *Romero* motion in light of the seriousness of defendant's conduct in the present offense and his 12 misdemeanor convictions occurring between 1989 and 2013. Thereafter, the trial court sentenced him to an aggregate prison term of six years in prison, which was comprised of the midterm of three years, doubled because of the prior strike for the assault, plus two years concurrent for fleeing the scene. The court also imposed various fines and fees, including a $1,095 probation report fee. Defendant timely appealed.

## DISCUSSION

### I

### *The Romero Motion*

Defendant contends the trial court erred in denying his *Romero* motion. We disagree.

Penal Code² section 1385 gives the trial court authority, on its own motion or upon application of the prosecution, "and in furtherance of justice," to order an action dismissed. (§ 1385, subd. (a).) In *Romero*, our Supreme Court held that a trial court may utilize section 1385 to strike or dismiss a prior strike for purposes of sentencing under the three strikes law. (*People v. Superior Court (Romero)*, *supra*, 13 Cal.4th at p. 504.) A trial court's ruling denying a request to dismiss a prior strike allegation "is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374.)

"In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony*, *supra*, 33 Cal.4th at pp. 376-377.)

In *Carmony*, our Supreme Court explained: " '[T]he Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for

---

² Further undesignated section references are to the Penal Code.

4

abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.)  The circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be extraordinary.  (*Id*. at p. 378.)  Reversal is justified where the trial court was unaware of its discretion to dismiss a prior strike or considered impermissible factors in declining to dismiss.  (*Ibid*.)  But where the trial court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' " (*Ibid*.)

In deciding whether to dismiss a prior strike allegation, a trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We find no abuse of discretion.  In ruling on defendant's motion, there is nothing to suggest that the trial court was unaware of its discretion or acted outside of the spirit of the three strikes law.  The decision was neither irrational nor arbitrary.  Accordingly, defendant has not shown a basis to overturn the court's decision.

II

*Assembly Bill No. 1869*

Defendant requests that we modify the judgment to vacate the presentence probation report fee (§ 1203.1b) of $1,095 in light of the passage of Assembly Bill No. 1869 (2019-2020 Reg. Sess.) and direct the trial court to prepare an amended abstract of judgment striking that fee.  We agree that defendant is entitled to this relief.

Assembly Bill No. 1869 was signed into law in September 2020 and became operative on July 1, 2021.  The bill repeals the authority to collect various fees contingent

upon a criminal arrest, prosecution, or conviction for the cost of administering the criminal justice system. (See Stats. 2020, ch. 92, §§ 11, 62.) The bill makes the unpaid balance of these court imposed costs, including the fee at issue in this case, unenforceable and uncollectible, and requires that any portion of a judgment imposing such costs be vacated. (See *ibid*.; § 1465.9, subds. (a), (b) [operative July 1, 2021]; Gov. Code, § 6111, subds. (a), (b) [same].)

Specifically, as relevant to this appeal, any unpaid portion of the $1,095 presentence probation report fee imposed pursuant to section 1203.1b is now "unenforceable and uncollectible." (§ 1465.9.) Further, "any portion of a judgment imposing those costs shall be vacated." (*Id*., subd. (a).)

## DISPOSITION

The judgment is modified to vacate the $1,095 probation report fee imposed pursuant to section 1203.1b. The trial court is directed to prepare an amended abstract of judgment and provide a certified copy to the Department of Corrections and Rehabilitation. The judgment is affirmed as modified.


/s/_____
Robie, J.


We concur:


/s/_____
Hull, Acting P. J.


/s/_____
Krause, J.